## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DEMETRIC LEMOND HOOPER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-23-848-G** |
| | ) | |
| **TIANA LORISSA** | ) | |
| **ROBINSON-HOGUE et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Plaintiff Demetric Lemond Hooper initiated this lawsuit on September 25, 2023. *See* Compl. (Doc. No. 1). That same day, Plaintiff filed an application to proceed *in forma pauperis* ("Plaintiff's Application"). Upon review of the facts set forth under oath in Plaintiff's Application, the Court finds that Plaintiff is unable to prepay the requisite fees and costs or to give security therefor. Plaintiff's Application (Doc. No. 2) is therefore GRANTED, and Plaintiff is authorized to proceed without prepayment of fees or costs.

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the case if the Court determines at any time that the action fails to state a claim upon which relief may be granted, however. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Having reviewed the record, the Court concludes that such a dismissal is appropriate.

I.     *Standard of Review*

The Court applies the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that it employs for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

A complaint fails to state a claim upon which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Id.* "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (noting that although courts construe pro se pleadings liberally they "will not supply additional factual allegations to round out a plaintiff's complaint").

II.    *Discussion*

In his Complaint, Plaintiff brings claims for violation of his First, Fourth, Sixth, Eighth, Ninth, Thirteenth, and Fourteenth Amendment rights against several defendants. *See* Compl. at 5, 9-18. Plaintiff broadly alleges that the individuals and entities named in the Complaint are "participating in all of the violations of [Plaintiff's] rights," "stalking and videoing [Plaintiff]," and "streaming [videos of Plaintiff] and making money." *Id.* at 11. Plaintiff specifically alleges that Defendants Oklahoma City Police Department, Oklahoma County District Attorney's Office, "Oklahoma City FBI Office," and "Office of

2

the Attorney General" failed to investigate Plaintiff's complaints and reports of criminal activity. *See id.* at 9-10. Plaintiff requests that he be awarded $100 million per defendant in damages and that "each and every defendant and participant in these crimes be prosecuted to the fullest extent of the law." *Id.* at 11.

Although, Plaintiff does not explicitly state so in his Complaint, the Civil Cover Sheet indicates that Plaintiff brings his claims for violations of his constitutional rights pursuant to 42 U.S.C. § 1983. *See* Doc. No. 1-2. Section 1983 is the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). To succeed on a claim under § 1983, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States," and that the violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see* 42 U.S.C. § 1983.

To begin, nowhere in the Complaint does Plaintiff provide factual allegations supporting that Defendants Biolife Plasma Services, Walmart, Embark, Youtube, Meta Platforms, Tiana Lorissa Robinson-Hogue, McDonald's, Facebook, Google, Hulu, Netflix, IMBD, X Videos, T-Mobile, Assurance Wireless, or Oklahoma City FBI Office[1] were persons acting under the color of state law when they allegedly violated Plaintiff's

---

[1] Further, because § 1983 only applies to persons acting under the color of state law, Plaintiff cannot maintain a claim against a federal agency like the Federal Bureau of Investigation's Oklahoma City field office under the statute. *See* 42 U.S.C. § 1983 ("Every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia*, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit . . . ." (emphasis added)).

constitutional rights.  Accordingly, even liberally construing the Complaint, the allegations therein do not support a § 1983 claim against these defendants.

Additionally, governmental sub-units are not generally separate entities that may be sued under § 1983.  *Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010).  The Oklahoma City Police Department is therefore not an appropriate § 1983 defendant.  *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) ("The 'City of Denver Police Department' is not a separate suable entity, and the complaint will be dismissed as to it."). Further, "arms of the state," such as the Oklahoma County District Attorney's Office and the Office of the Oklahoma Attorney General, are not persons under § 1983 and are immune from suit under the Eleventh Amendment absent a waiver of sovereign immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Ruiz v. McDonnell*, 299 F.3d 1173, 1182 (10th Cir. 2002).  The Complaint articulates no waiver of sovereign immunity by the Oklahoma County District Attorney's Office and the Office of the Oklahoma Attorney General.  Plaintiff therefore has not pled a cognizable § 1983 claim against Defendants Oklahoma City Police Department, Oklahoma Attorney General's Office, or Oklahoma County District Attorney's Office.

Finally, the Complaint names two Oklahoma City Police Department officers with whom Plaintiff "had direct contact . . . via in person or report"—Sergeant Long and Officer Amezquita.  *See* Compl. at 3.  Plaintiff, however, does not provide any factual allegations in the Complaint supporting that either of these officers engaged in the conduct that Plaintiff contends violated his constitutional rights.  In the absence of factual allegations supporting that these two individuals participated in the alleged violations of Plaintiff's

4

constitutional rights, Plaintiff cannot state a claim upon which relief may be granted as to the two named police officers.

For the reasons explained above, the Court finds that the Complaint should be dismissed on screening for failure to state a claim under § 1983 against any named defendant.[2]

CONCLUSION

Accordingly, Plaintiff's Complaint (Doc. No. 1) is DISMISSED WITHOUT PREJUDICE. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's Motion to file Conventionally (Doc. No. 3) is DENIED AS MOOT. A separate judgment shall be entered.

IT IS SO ORDERED this 29th day of February, 2024.

CHARLES B. GOODWIN
United States District Judge

---

[2] Since initiating this action, Plaintiff has filed a Notice (Doc. No. 5) and a Letter (Doc. No. 6). The Court has reviewed the Notice and Letter and finds that neither affect the Court's conclusion that this action must be dismissed on screening. Further, to the extent that these filings contain some request for relief, the Court cannot issue rulings on letters and notices. Any request for relief from the Court must be made as a motion.